*620 OPINION.
Teussell:
Three issues.are presented in this appeal, and we shall take them up in the order in which they are stated above.
In the first issue we are required to decide whether the cost of installing certain safety devices on the elevators in the office building *621 owned and operated by the petitioner should be capitalized as determined by the respondent, or should be allowable in its entirety as a deduction from income in the year incurred as claimed by the petitioner. The facts, including the amount of cost, are undisputed. It is contended by the petitioner that an expenditure for an addition to an asset to be chargeable to capital must increase the monetary value of the asset and/or tend to prolong the life of the asset. Petitioner claims that the additions to the elevators accomplished neither of these purposes and furthermore they proved detriments rather than improvements in that they were found to slow up the service of the elevators thus making for dissatisfaction. The evidence shows that when confronted with a new city ordinance calling for an improvement of its elevators and with a threat of the city authorities to prevent the continued operation of the elevators in violation of the ordinance, the petitioner elected to comply with the requirements and it proceeded to equip the elevators with devices which clearly contributed to the safety of persons making use of the building. We think the additions were distinctly improvements and we are not prepared to agree with the claims of the petitioner that the value of the assets was not enhanced or that their useful life was not extended. That the petitioner is in somewhat the same position with reference to the useful life would appear from its next argument addressed to establishing the expenditure as ordinary and necessary expense in the admission that it is shown by the record that the business could not have continued without the additions. At any rate, we have heretofore had occasion to decide adversely practically all of the contentions of the petitioner; it is not necessary that the monetary value be increased or that the life of the asset be prolonged, Black Hardware Co., 16 B. T. A. 551; a betterment of operating conditions, whether voluntary or involuntary, is a sufficient reason for capitalization, Ben T. Wright, Inc., 12 B. T. A. 1149; distinct improvements should be capitalized, Coca-Cola Bottling Works, 19 B. T. A. 1055; citing H. S. Crocker Co., 15 B. T. A. 175. Furthermore, we are not satisfied without more to accept the opinion of the manager of the building that the safety devices did not contribute to an increase in income. After a careful consideration we see no valid objection to the juroposal of the respondent to capitalize the cost and return it to the petitioner in the form of reasonable allowances for depreciation spread over the period of the useful life of the improvements.
The contention of the petitioner in the second issue is that it should not be taxed as a business corporation. The basis of this claim is that for equitable reasons form should be disregarded since all of the capital stock is owned b.y one individual. It is settled, *622 however, that the separate entity of a corporation is distinguishable from its stockholder for tax purposes. Cf. Winthrop Ames, 1 B. T. A. 63; John K. Greenwood, 1 B. T. A. 291. See also the discussion in Regal Shoe Co., 1 B. T. A. 896, page 899.
The third issue is a question of allowable deductions of salary. The pertinent provisions of sections 234 (a) (1) of the Revenue Acts of 1921, 1924 and 1926 are the limitation of the deduction for salaries to reasonable allowances. The evidence shows that when the present sole stockholder acquired the stock of the petitioner the business was operating at a loss; this stockholder at once assumed the active management of affairs, devoting all of his time to the business, and through his ability, initiative and energy he was successful in establishing the business on a paying basis. We find no difficulty whatever in agreeing with the petitioner that his services were clearly of value to the petitioner. The respondent is also of that opinion as evidenced by his allowance uniformly, at a rate of $24,000 per annum, for all of the years of the deduction of a salary for the sole stockholder, who held the offices of president and treasurer. It is over the amount of the deduction that the parties are in disagreement.
The petitioner claimed in the returns it filed deductions larger in amount than the allowances of the respondent, and it now contends that it is entitled to the deduction in full of the salaries which are shown by the evidence to have been duly authorized respectively for the several years, arguing that the liabilities of the petitioner must be recognized in full; particularly with emphasis upon the claimed contractual liability for the year 1927 to pay over to the president-treasurer the remainder of the net profits after reserving an amount thereof computed at a rate of 6 per cent upon the par value of the capital stock. It is apparent, without discussion, that the petitioner ignores the express restrictions of the statutes to deductions in amounts which are reasonable; restrictions which may not be avoided. It is of no avail merely to show incur-rence of a contractual liability or to argue that the expense would be deductible were it not for the restriction. Marion Stone Burt Lansill et al., 17 B. T. A. 413.
After a careful consideration of all of the facts which are before us in this case, we are of opinion that the deductions allowed by the respondent for the salary of the president-treasurer are reasonable in amount and they are approved.

Judgment will he entered pursuant to Rule 50.